## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARGARET THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-20-1015-AMG** |
| | ) | |
| **KILOLO KIJAKAZI, Acting** | ) | |
| **Commissioner of Social Security,[1]** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Margaret Thomas ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34.  (Doc. 1).  The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 14, 15), and the parties have fully briefed the issues. (Docs. 20, 24).[2]  The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (Docs. 18, 19).  For the reasons set forth below, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant.  *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination.  Citations to the Administrative Record refer to its original pagination.

## I.    Procedural History

Plaintiff filed her application for DIB on June 24, 2019, alleging a disability onset date of April 1, 2019.  (AR, at 255, 371).  The SSA denied the application initially and on reconsideration.  (*Id*. at 295-98, 299-304).  An administrative hearing was then held on May 19, 2020. (*Id*. at 155-254).  Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled.  (*Id*. at 7-26).  The Appeals Council subsequently denied Plaintiff's request for review.  (*Id*. at 1-6).  Thus, the ALJ's decision became the final decision of the Commissioner.  *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## II.    The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2019, the alleged onset date.  (AR, at 12).  At Step Two, the ALJ found that Plaintiff had the following severe impairments: "reconstructive surgery to a weight bearing joint (hip replacement) and carpal tunnel syndrome (status post-bilateral carpal tunnel release)."  (*Id*.)  At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id*. at 14).  The ALJ then determined that Plaintiff had the RFC

> to perform light exertion work as defined in 20 CFR 404.1567(a) except the
> claimant can stand and/or walk (with normal breaks) for a total of four hours
> in an eight-hour workday; the claimant can occasionally balance, kneel,
> crouch, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds; and the
> claimant can frequently handle bilaterally.  The use of an assistive device,
> such as a cane, is not medically required.  The claimant has no other physical
> limitations or restrictions.  The claimant has no mental limitations or
> restrictions.

(*Id*. at 15).  Then, at Step Four, the ALJ concluded that Plaintiff was unable to perform any of her past relevant work.  (*Id*. at 20).   At Step Five, however, the ALJ found when "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferrable to other occupations with jobs existing in significant numbers in the national economy" such as a clerical sorter, data examination clerk, or reception clerk.  (*Id*. at 21). Thus, the ALJ found that Plaintiff had not been under a disability since April 1, 2019.  (*Id*. at 22).

## III.    Claims Presented for Judicial Review

On appeal, Plaintiff raises three issues.  (Doc. 20).  First, Plaintiff claims that the ALJ failed to consider her non-severe impairments (specifically urinary incontinence) when determining Plaintiff's RFC.  (*Id*. at 3-9).  Plaintiff next argues that the ALJ did not properly conduct the phase one analysis in Step Four.  (*Id*. at 9-16).  Finally, Plaintiff asserts that the ALJ improperly discounted the medical opinion of Dr. Ana Maria Gutierrez, MD. (*Id*. at 16-21).  These errors, Plaintiff maintains, require remand.  (*Id.* at 21).

In response, the Commissioner argues that substantial evidence supports the ALJ's decision to find that Plaintiff's non-severe impairment of urinary incontinence did not impose additional work-related limitations during the relevant time period.  (Doc. 24, at 5-9).  Further, the Commissioner asserts that Plaintiff's Step Four argument fails for that same reason.  (*Id*. at 9-11).  Last, the Commissioner contests the characterization of Dr. Gutierrez's statement as a medical opinion and argues that the ALJ correctly analyzed it as

inherently neither valuable nor persuasive.  (*Id*. at 11-15).   For these reasons, the Commissioner argues, the Court should affirm the decision.  (*Id*. at 15).

## IV.    The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment.  20 C.F.R. § 404.1521; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a).  A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process).  To determine whether a

4

claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy.   20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."   *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

1080, 1084 (10th Cir. 2007).  "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted).  A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## V.    The ALJ Erred By Failing to Consider Plaintiff's Non-Severe Impairment of Urinary Incontinence When Determining the RFC.

At Step Two of the sequential analysis, the ALJ determined that Plaintiff had the severe impairments of reconstructive surgery to a weight bearing joint (hip replacement) and carpal tunnel syndrome (status post-bilateral carpal tunnel release).  (AR, at 12).  He also found that Plaintiff has the following non-severe impairments: "chronic cystitis; an intervertebral disc syndrome; another intervertebral disc syndrome; paralysis of an ulnar nerve; another paralysis of ulnar nerve; paralysis of sciatic nerve; another paralysis of sciatic nerve; **urinary incontinence**; limited motion of wrist; limited flexion of knee; sleep

apnea; depression; anxiety; and post-traumatic stress disorder." (*Id.* at 13) (emphasis added). There is evidence in the record of Plaintiff's diagnosis and symptoms of urinary incontinence, including her testimony at the administrative hearing. (AR, at 205-206, 218-20, 475, 763, 772, 775, 780, 786, 959-62, 1123-26). Plaintiff disagrees with the ALJ that her urinary incontinence is non-severe (Doc. 20, at 7), but concedes that "the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). (Doc. 20, at 12).

However, in formulating the RFC, the ALJ must "consider all of [the claimaint's] medically determinable impairments of which [he is] aware, including [the] medically determinable impairments that are not 'severe.'" 20 C.F.R. § 404.1545(a)(2).

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments-- be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

Social Security Ruling 96-8P, Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). The ALJ cited these standards (AR, at 11) but did not follow them in this case. Indeed, beyond Step Two, the only further reference the ALJ made to Plaintiff's non-severe urinary incontinence was in a summary of her testimony, where he noted, "[s]he stated she has incontinence and wears pads. The

claimant stated that her job let her go to the bathroom which she did at least five times."
(*Id.* at 17).  This does not suffice for proper consideration of a non-severe condition for the
purposes of formulating the RFC.  Accordingly, remand is required.[4]

## VI.    Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative
hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the Court
**REVERSES** the Commissioner's decision and **REMANDS** the matter for further
proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED** this 27th day of March, 2022.


AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court declines to address Plaintiff's remaining objections to the ALJ's decision
"because they may be affected by the ALJ's treatment of th[e] case on remand."  *See*
*Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).